UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FREDERICK K. POULIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 09-cv-575-P-S |
| | ) |
| THE THOMAS AGENCY, and JOHN | ) |
| HILLS d/b/a/ GLENWOOD BUILDING & | ) |
| REMODELING, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTIONS TO DISMISS**

Before the Court are the Motions to Dismiss by Defendants The Thomas Agency (Docket # 5) and John Hills d/b/a Glenwood Building and Remodeling (Docket # 7). As explained herein, the Court GRANTS the Motion to Dismiss by the Thomas Agency and DENIES Hills's Motion to Dismiss.

**I.    LEGAL STANDARD**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency" of a complaint. Gomes v. Univ. of Me. Sys., 304 F. Supp. 2d 117, 120 (D. Me. 2004). The general rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation and alteration omitted). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at

570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation omitted).

The Court must accept as true all well-pleaded factual allegations in the Complaint and draw all reasonable inferences in Plaintiff's favor. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). In distinguishing sufficient from insufficient pleadings, which is "a context-specific task," the Court must "draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

## II. FACTUAL BACKGROUND

Plaintiff Frederick Poulin contacted Defendant John Hills in the summer of 2008 to provide an estimate for construction work on Plaintiff's home. Hills visited Plaintiff's home and provided a verbal estimate for his services. Thereafter, Plaintiff decided to retain the services of a different contractor. Plaintiff offered to pay Hills for his time but withdrew that offer when he failed to receive an invoice. Plaintiff never entered into a written contract with Hills.

In October 2008, Hills retained Defendant The Thomas Agency ("TA") to collect funds from Plaintiff for breach of contract. TA performed no investigation into whether Hills had any legal right to payment from Plaintiff. TA sent Plaintiff a letter notifying him of its desire to collect the amount due Hills. TA also notified Plaintiff that he had thirty days to dispute the validity of the charges levied by Hills or TA would report the account to Plaintiff's credit reporting agencies. Plaintiff and/or his wife contacted TA and disputed the validity of the account. Plaintiff believed the matter had been resolved.

Despite receiving notice from Plaintiff that the claim was invalid, TA reported the account to each of Plaintiff's three major credit reporting agencies as an outstanding liability that had been charged off or placed for collection. Plaintiff's credit score was hurt by the negative

notations. In August 2009, Plaintiff and his daughter were both denied Maine Education Services student loans due to the "charge off" reported by TA. When Plaintiff confronted TA about reporting his account, TA alleged that Plaintiff had confirmed liability on the account. The next day, TA called Plaintiff to inform him that it had notified the credit reporting agencies that the account notation should be deleted.

Based on these facts, Plaintiff brings claims against TA under the Fair Debt Collection Practices Act (Count I), the Maine Fair Debt Collection Practices Act (Count II), the Maine Unfair Credit Reporting Act (Count IV), and state law tort claims of interference with a prospective economic advantage (Count V) and invasion of privacy (Count VI). Plaintiff brings a single claim against Hills for violating the Maine Unfair Trade Practices Act (Count III).

### III. DISCUSSION

TA moves to dismiss Counts IV, V, and VI of Plaintiff's Complaint. Hills moves to dismiss Count III. The various requests to dismiss each of these counts will be addressed in turn below.

#### A. Maine Fair Credit Reporting Act (Count IV)

Plaintiff's Complaint alleges that TA violated the Maine Fair Credit Reporting Act (MFCRA), specifically 10 M.R.S.A. § 1320-A, by reporting false information to Plaintiff's credit reporting agencies. TA argues that Plaintiff has failed to state a claim because there is no private right of action under Section 1320-A.

Among other responsibilities, section 1320-A of the MFCRA places a duty on people who furnish information to consumer reporting agencies to provide accurate information, to correct and update the information provided, and to provide notice of relevant disputes and closed accounts. Section 1320-A expressly provides that "[t]his section must be enforced

3

exclusively under section 1328 by the administrator." 10 M.R.S.A. § 1320-A(9); see also Myshrall v. Keybank Nat. Assoc., 2001 WL 1715838, *5 (Me. Super. Ct. March 5, 2001) (noting that Section 1320-A "limited liability of furnishers of information to regulatory action by the Director of the Office of Consumer Regulation."). Thus, by its plain language, section 1320-A does not authorize Plaintiff to bring private right of action to enforce its provisions.

Plaintiff attempts to invoke sections 1322 and 1323 of the MFCRA, which allow a private right of action against a "credit reporting agency" or "user of information" that willfully or negligently fails to comply with the Fair Credit Reporting Act. However, TA is not a credit reporting agency or a user of information, as those terms are defined in the act. See 10 M.R.S.A. § 1312(4) & (11). Moreover, section 1320-A explicitly provides that "[s]ections 1322 and 1323 do not apply to any failure to comply with this section." Accordingly, sections 1322 and 1323 do not provide a private right of action for the violations alleged in Plaintiff's Complaint.

Based on the above, Count IV of Plaintiff's Complaint fails to state a claim upon which relief can be granted and is dismissed accordingly.

### B. Interference with a Prospective Economic Advantage (Count V) and Invasion of Privacy (Count VI)

Count V alleges that TA's report of incorrect information to the credit reporting agencies interfered with Plaintiff's ability to acquire credit at a low rate by affecting his credit score. (Complaint ¶¶ 44-50.) Count VI alleges that TA violated Plaintiff's privacy by conveying false information to the credit reporting agencies, which in turn published that false information to potential creditors. (Id. ¶¶ 51-56.)

TA argues that the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681 et al., preempts Plaintiff's state law causes of action. With respect to Plaintiff's invasion of privacy claim, the analysis is simple. Section 1681h(e) provides "no consumer may bring any action or

4

proceeding in the nature of . . . invasion of privacy . . . with respect to the reporting of information against any . . . person who furnishes information to a consumer reporting agency." The only exception to this prohibition is if the person acted with "malice or willful intent to injure." Count VI does not allege that TA acted with malice or willful intent to injure Plaintiff. Accordingly, Plaintiff's invasion of privacy claim is plainly preempted by section 1681h(e).

Plaintiff's claim for interference with a prospective economic advantage is not one of the claims explicitly preempted by section 1681h(e). However, section 1681t(b) provides that states may not impose requirements or prohibitions on any subject matter regulated by section 1681s-2. Section 1681s-2 sets forth the duties incumbent upon a furnisher of information to a credit reporting agency, which includes the duty to refrain from reporting information known to be false. See 15 U.S.C. § 1681s-2(a)(1)(A). The wrongful action alleged in Count V, that TA falsely reported that Plaintiff had an account in collection, clearly falls within the scope the subject matter regulated by section 1681s-2. The majority of courts to have addressed this issue have found that FCRA preempts state law claims such as those for interference with an economic advantage. See, e.g., Hasvold v. First U.S.A. Bank, 194 F. Supp. 2d 1128, 1239 (D. Wyo. 2002) (finding FCRA preempts state common law claims for defamation, invasion of privacy, and interference with prospective advantage); Aklagi v. Nationscredit Financial, 196 F. Supp. 2d 1186, 1995 (D. Kan. 2002) (common law claims based on false reporting to credit agency was preempted by FCRA). As one court has stated: "The plain language of section 1681t(b)(1)(F) clearly eliminated all state causes of action against furnishers of information, not just ones that stem from statutes that relate specifically to credit reporting." Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 362 (E.D. Pa. 2001). The Court agrees with the conclusions of these courts and finds that Plaintiff's claim for interference with an economic

5

advantage is preempted by the FCRA. Accordingly, Count V of Plaintiff's Complaint is dismissed.

### C. Maine Unfair Trade Practices Act (Count III)

Count III of Plaintiff's Complaint alleges that Hills violated the Maine Unfair Trade Practices Act by failing to provide a written estimate and contract, as well as retaining a collection agency when no valid debt existed. (Compl. ¶¶ 28-33.) Hills moves to dismiss this claim on the grounds that the Court lacks subject matter jurisdiction.

Plaintiff's Complaint states that jurisdiction exists pursuant to "15 U.S.C. § 1692 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1334(a)." (Compl. ¶ 1.) None of these jurisdictional bases is relevant to Count III, which alleges only that Hills violated Maine law. However, the Court is not limited by the specific jurisdictional statutes cited by the Plaintiff in determining whether it has jurisdiction. See Commonwealth of Mass. v. Veterans Administration, 541 F.2d 119, 122 (1st Cir. 1976); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1206.

Although not asserted in the Complaint, Plaintiff argues that Count III is properly within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. A federal court has supplemental jurisdiction over a state-law claim "whenever it is joined with a federal claim and the two claims 'derive from a common nucleus of operative fact' and the plaintiff 'would ordinarily be expected to try them both in one judicial proceeding.'" Vera-Lozano v. Int'l Broad., 50 F.3d 67, 70 (1st Cir. 1995) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). "Supplemental jurisdiction exists even if there is a 'loose factual connection' between the state and federal claims." Pejepscot Indus. Park, Inc. v. Maine Cent. R. Co., 281 F. Supp. 2d 311, 312 (D. Me. 2003) (quoting Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995)). The Court is to consider issues such as comity, judicial economy, convenience and

fairness in determining whether to exercise supplemental jurisdiction over a state law claim.  See Che v. Massachusetts Bay Trans. Auth., 342 F.3d 31, 37 (1st Cir. 2003). Ultimately, the exercise of supplemental jurisdiction lies within the Court's broad discretion.  See Vera-Lozano, 50 F.3d at 70.

The Court has original jurisdiction over Count I, which alleges that TA violated the Fair Debt Collection Practices Act by "reporting an account as in collection when no such account was legally owed."  (Complaint ¶ 22.)  Count III alleges that Hills violated the Maine Unfair Trade Practices Act by "retaining a collection agency to collect payment from Plaintiff when he had not entered into a contract with Plaintiff."  (Id. at ¶ 31.)   The Court finds that the loose factual connection between these two claims is sufficient to allow the Court to exercise supplemental jurisdiction over Count III.  Moreover, convenience and judicial economy weigh in favor of having these counts litigated in the same court.  Accordingly, the Court will exercise its discretion and invoke supplemental jurisdiction over Count III pursuant to 28 U.S.C. § 1367. Defendant's Hills Motion to Dismiss is denied.

## IV.   CONCLUSION

For the reasons explained herein, the Court ORDERS that Defendant The Thomas Agency's Motion to Dismiss (Docket # 5) is GRANTED and Counts IV, V and VI are DISMISSED WITH PREJUDICE.  Defendant Hill's Motion to Dismiss (Docket # 7) is DENIED.

SO ORDERED.

    /s/ George Z. Singal  
    United States District Judge

Dated this 27th day of April, 2010.